UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00182-GNS-HBB

J.E. TAYLOR     PETITIONER

V.

ANNA VALENTINE, JAILER     RESPONDENT

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

Before the Court is a motion to amend by Petitioner J. E. Taylor (DN 15). Taylor seeks leave of court to add an additional claim to his *pro se* petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (DN 1). Respondent Anna Valentine has filed a response and objection (DN 16). Taylor has filed a reply (DN 17). For the reasons set forth below, the undersigned recommends that Taylor's motion to amend be **DENIED**.

FINDINGS OF FACT

In December 2015, a Green County grand jury indicted Taylor on 468 counts of incest, 468 counts of first-degree sodomy, one count of first-degree rape, and 468 counts of first-degree sexual abuse. Taylor v. Commonwealth, No. 2017-CA-000340-MR, No. 2017-CA-001555-MR, 2018 WL 3090027, at *1 (Ky. App. June 22, 2018), *reh'g denied* (Ky. App. Nov. 1, 2018). Taylor was tried on a reduced number of counts in December 2015. Id. The jury found Taylor guilty of four counts of incest and recommended a sentence of five years on each count to be served concurrently for a total sentence of five years. Id. On March 9, 2016, the trial judge entered a judgment and sentence directing Taylor's sentences on counts one through three to run

concurrently but consecutively to the sentence on count four resulting in a total sentence of 10 years. Id.

On May 4, 2016, the trial judge conducted a hearing to address some remaining issues in the case. Id. Taylor's counsel explained that Taylor had abandoned his right to appeal in return for the Commonwealth's agreement to dismiss numerous remaining charges in all the other cases, including those sent to Adair County. Id. The parties executed an agreed order memorializing the terms of the above-mentioned agreement. Id. Taylor was then placed under oath and questioned by the trial judge. Id. During that examination, Taylor affirmed that he had signed the agreed order and that the remaining charges would be dismissed with a stipulation of probable cause. Id. Additionally, Taylor acknowledged there was some basis to bring those charges, he had entered into the agreement freely and voluntarily with the advice of his counsel, it was his desire to do so, and he had all the time he needed to think about this decision. Id.

On January 17, 2017, Taylor, proceeding *pro se*, filed a motion pursuant to Ky. R. Crim. P. 11.42 asserting several claims of ineffective assistance of trial counsel. Id. The trial court's order entered February 3, 2017, denied Taylor's Rule 11.42 motion. Id. On February 22, 2017, Taylor, proceeding *pro se*, filed a notice of appeal. Id. That appeal is No. 2017-CA-000340. Id.

On July 24, 2017, Taylor, proceeding *pro se*, "filed a motion for modification and restoration of the original sentence recommended by the jury." Id. On August 4, 2017, the trial court denied Taylor's motion. Id. On September 7, 2017, Taylor, proceeding pro se, filed a notice of appeal. Id. at *3. That appeal is No. 2017-CA-001555. Id.

On March 7, 2018, the Court of Appeals of Kentucky granted the Commonwealth's motion to consolidate both appeals. Id. On June 22, 2018, the Court of Appeals of Kentucky issued an opinion affirming both orders of the trial court. Id. at *3-4. Taylor, proceeding *pro se*, filed a motion for reconsideration (DN 12-2 PageID # 179-87). On November 1, 2018, the Court of Appeals of Kentucky denied Taylor's motion for rehearing (Id. PageID # 203). Taylor did not file a motion for discretionary review by the Supreme Court of Kentucky.

On December 20, 2018, Taylor, proceeding *pro se*, filed his habeas petition before the Court (DN 1). On June 13, 2019, Valentine filed her response to Taylor's petition (DN 12). On July 5, 2019, Taylor filed his motion to amend the petition (DN 15).

## Taylor's Motion to Amend the Petition

Taylor seeks to add as Ground Three in the petition a claim that the trial court violated his right to Due Process and Equal Protection of the Law under the Fourteenth Amendment when the trial court rejected the jury's recommended five-year sentence and imposed a ten-year sentence (DN 15). He asserts all available remedies before the state courts have been exhausted as to this claim. Taylor explains, while preparing his reply to Valentine's Rule 5 Answer, he noticed that he inadvertently failed to include this claim in the petition.

## Valentine's Opposition to the Motion to Amend

Valentine argues it would be futile to add the proposed claim because it is time-barred, and the claim does not relate back to claims in the original petition (DN 16). Valentine explains that Taylor filed his motion to amend 3 ½ months after the one-year period of limitation in 28 U.S.C. § 2244(d)(2) expired. Valentine asserts that Taylor is not entitled to equitable tolling because he has not demonstrated that he has been pursuing his rights diligently and that some extraordinary

circumstance stood in his way. Valentine points out that Taylor's inadvertent omission is not an extraordinary circumstance, rather it is ordinary negligence.

### Taylor's Reply

Taylor does not dispute Valentine's contention that the proposed claim is time-barred (DN 17). Instead, he argues the proposed claim relates back to his petition because it was set forth in Section 11 of the petition, but inadvertently left out of Section 12 at Ground Three.

### CONCLUSIONS OF LAW

Rule 15 of the Federal Rules of Civil Procedure governs a motion for leave to amend a petition for writ of habeas corpus, under 28 U.S.C. § 2254. See 28 U.S.C. § 2242 Para. 3 (an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); Hodges v. Rose, 570 F.2d 643, 649 (6th Cir. 1978) ("Amendment of a petition for habeas corpuses governed by 'the rules of procedure applicable to civil actions.'") (quoting 28 U.S.C. § 2242). Rule 15(a)(2) applies to Taylor's motion because more than 21 days passed since Valentine served her response to the original petition (DN 1, 12, 15).

Rule 15(a)(2) clearly mandates that the Court should freely grant leave to amend when justice so requires. See Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010); Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995). In evaluating the interests of justice, the Court should consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Coe v. Bell, 161 F.3d 320, 341 (6th Cir. 1998) (quoting Brooks v. Celeste, 39 F.3d 125, 130 (6th Cir. 1994)). Additionally, the Sixth Circuit has

interpreted the language in Rule 15(a)(2) as setting forth a "liberal policy of permitting amendments to insure the determination of claims on their merits." Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir. 1987) (quoting Tefft v. Seward, 689 F.2d 637, 639 (6th Cir. 1982)).

Notably, in the Sixth Circuit, leave to amend a pleading may be denied on grounds of futility only if the amended pleading would not withstand a motion to dismiss. See Demings v. Nationwide Life Ins. Co., 593 F.3d 486, 490 (6th Cir. 2010); Kottmyer v. Maas, 436 F.3d 684, 691-692 (6th Cir. 2006). "The test, therefore, is whether the proposed amended pleading, with all the factual allegations accepted as true, states a claim for relief, not whether the claim is factually supportable or would be sufficient to withstand a motion for summary judgment." Cato v. Prelesnik, No. 1:08-CV-1146, 2010 WL 707336, at *2 (W.D. Mich. Feb. 22, 2010).

The undersigned will now assess whether leave to amend should be denied on grounds of futility because the proposed claim is time-barred. Review is governed by Chapter 153 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 336 (1997). Under AEDPA there is a one-year statute of limitations that applies to a petition for writ of habeas corpus filed by a state prisoner. 28 U.S.C. § 2244(d)(1). The statute of limitations reads as follows:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, the final judgment was entered on March 9, 2016, and Taylor did not file an appeal. This means the one-year limitation period in § 2244(d)(1)(A) began to run when the time for Taylor to seek a direct appeal expired. Gonzalez v. Thaler, 565 U.S. 134, 150 (2012); Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 460-461 (2012). Rules 12.04(1), (2) and (3) of the Kentucky Rules of Criminal Procedure indicate a notice of appeal shall be filed no later than thirty days after the entry date of the judgment or order from which the appeal is taken. As the final judgment was entered on March 9, 2016, Taylor's time for seeking a direct appeal expired on April 8, 2016. Thus, the one-year period of limitation in § 2244(d)(1)(A) began to run on April 9, 2016. Giles v. Beckstrom, 826 F.3d 321, 324-25 (6th Cir. 2016).

There is a tolling provision that applies to AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d)(2). It reads as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d)(2). Because Taylor's Rule 11.42 motion was a "properly filed application for state post conviction relief," he tolled the one-year period of limitations in § 2244(d)(1)(A) on

6

January 17, 2017. 28 U.S.C. § 2244(d)(2); Cowherd v. Million, 380 F.3d 909, 912-914 (6th Cir. 2004). By this point in time, 283 days of the one-year period of limitation had expired and only 82 days remained.[1]

On November 1, 2018, the Court of Appeals of Kentucky denied Taylor's motion for rehearing. But the period of limitations in § 2244(d)(1)(A) remained tolled until Monday, December 3, 2018 because he did not file a motion for discretionary review. See Ky. R. Civ. P. 76.20(a)(2) (a motion for discretionary review by the Supreme Court of Kentucky "shall be filed within 30 days after the date of the order or opinion sought to be reviewed . . ."); Ky.R.Civ.P. 76.30(2)(a) (an opinion of the Court of Appeals of Kentucky becomes final on the 31st day after the date of its rendition unless a motion for discretionary review is timely filed); Lawrence v. Florida, 549 U.S. 327, 332-337 (2007). Taylor's period of limitations began to run on Tuesday, December 4, 2018 and it expired on Monday, February 25, 2019. Taylor filed his motion to amend on Friday, July 5, 2019 (DN 15), 130 days after his period of limitations under §2244(d)(1)(A) expired. Thus, Taylor's proposed amendment is time barred.

Relying on Rule 15(c), Taylor argues his proposed amendment is not time barred because it relates back to the date of the original pleading. He argues the proposed claim relates back because it was set forth in section 11 of the petition but inadvertently left out of section 12.

In pertinent part, Rule 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading" when it "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The

---

1 The tolling provision in 28 U.S.C § 2244(d)(2) does did not revive or reset the limitation period in § 2244(d)(1)(A), it only serves "to pause a clock that has not fully run. Once the limitation period is expired, collateral petitions can no longer serve to avoid a statute of limitations." Veroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

Rule does not define the terms "conduct, transaction, or occurrence." *See* Fed. R. Civ. P. 15. As the district court noted in Garrett v. Structured Cabling Systems, Inc., the Sixth Circuit focuses the inquiry on factual allegations, rather than specific causes of action or legal theories. Civil Action No. 10-55-DLB, 2010 WL 3862994, at *3 (E.D. Ky. Sept. 28, 2010) (citing Miller v. American Heavy Lift Shipping, 231 F.3d 242, 244-49 (6th Cir. 2000)). While a claim with entirely different operative facts will not relate back, an amendment alleging the same general set of facts will. Id. at *3 (citation omitted). Garrett further noted that the Supreme Court has also emphasized the factual nature of the inquiry, finding that relation back is only appropriate when the new claims arise from the "same core facts" as the original complaint. Id. at *4 (citing Mayle v. Feliz, 545 U.S. 644, 651-52 (2005)). Claims do not relate back when they depend on events separate in "both time and type." Id.

What Taylor refers to as sections are actually questions on form AO 241 which is provided to state prisoners who desire file a habeas petition under § 2254 (*see* DN 1 PageID # 1-15). Taylor filed out form AO 241 and filed it in this case (Id.). Thus, the undersigned will determine whether Taylor's proposed claim arises from the same general facts as the two claims he set forth in response to question 12 in the petition. Ground One alleges Taylor received ineffective assistance because counsel: (1) improperly and intentionally used Taylor's family to emotionally persuade him to forgo a direct appeal; (2) did not investigate the alleged crime scene; (3) did not properly cross-examine the Commonwealth's witnesses; (4) failed to prevent the introduction of evidence from a civil action; (5) failed to bring out a conspiracy by his granddaughters to defraud Taylor out of money because he had cut them off financially (DN 1 PageID # 5). Thus, the operative facts in the first claim are trial counsel's conduct prior to trial, during the trial, and following

sentencing. Ground Two alleges Taylor was denied the right to a direct appeal, in violation of the Sixth and Fourteenth Amendments, because trial counsel induced him to forgo the appeal with threats he would receive a much harsher penalty such as life or several hundred years if he appealed (Id. PageID # 7). The operative facts in the second claim are trial counsel's conduct following sentencing.

Taylor's proposed claim alleges his rights to Due Process and Equal Protection of the Law, under the Fourteenth Amendment, were violated when the trial judge imposed a ten-year sentence instead of five-year sentence recommended by the jury (DN 15 PageID # 351). The operative facts in his proposed claim are the trial judge's conduct during the sentencing phase of the trial. Thus, Taylor's proposed claim with entirely different operative facts will not relate back to either of the two claims he identified in response to question 12 in the petition.

The Sixth Circuit has instructed when addressing the issue of relation back consideration should be given to "whether the party asserting the statute of limitations defense had been placed on notice that he could be called to answer for the allegations in the amended pleading." United States ex rel. Bledsoe v. Comty. Health Sys., Inc., 501 F.3d 493, 516 (6th Cir. 2007) (citation omitted). As mentioned above, Taylor argues the proposed claim relates back to his petition because it was set forth in his answer to question 11 in the petition, but inadvertently left out of his response to question 12. Thus, consideration will be given to whether the information Taylor provided in his answer to question 11 was sufficient to put Valentine on notice that she could be called to answer for the allegation in his proposed claim.

Question 10 asked whether Taylor filed any petitions, applications, or motions for post-conviction relief in the state courts (DN 1 PageID # 3). Because Taylor answered "Yes" to

9

question 10, question 11 asked him to provide certain information about each collateral attack proceeding he pursued in the state courts (DN 1 PageID # 3). Taylor identified his Rule 11.42 motion which raised claims of ineffective assistance of counsel (Id. PageID # 3-4). He also identified his motion for modification of sentence which raised a challenge to the trial court imposing the 10-year sentence instead of the five-year sentence recommended by the jury and a claim of ineffective assistance arising from counsel's failure to defend him on this issue (Id. PageID # 4).

Question 12 asked Taylor to state every ground on which he claims that he is being held in violation of the Constitution, laws, or treaties of the United States. Taylor responded by setting forth the claims in Grounds One and Two which are described above. Although Taylor had the opportunity to include a challenge to the trial court's sentencing decision as Ground Three, he did not do so. The mere fact Taylor mentioned the claim in response to question 11 is not sufficient to put Valentine on notice that he inadvertently left it out of his answer to question 12 in the petition. To the contrary, the fact that he mentioned the claim in response to the preceding question but did not included it as Ground Three in his petition suggests Taylor made a conscious decision not to pursue the claim in his habeas petition.

In sum, Taylor's motion to amend to the petition should be denied as futile because the proposed claim is time-barred and the relation back provision in Rule 15(c)(1)(B) does not apply.

RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Taylor's motion to amend (DN 15) be **DENIED**.

August 14, 2019

*H. Brent Brennenstuhl* (signature)

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

NOTICE

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b)(1), the undersigned magistrate judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.   28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(2).  If a party has objections, such objections must be timely filed or further appeal is waived.   Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).

August 14, 2019

*H. Brent Brennenstuhl* (signature)

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:    J.E. Taylor, *pro se*
           Counsel of Record