UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00182-GNS-HBB

J.E. TAYLOR                                                                   PETITIONER

v.

ANNA VALENTINE, Jailer                                                       RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner's Objection (DN 21) to the Magistrate Judge's

Findings of Fact, Conclusions of Law, and Recommendation ("R&R") (DN 18) relating to

Petitioner's Motion to Amend (DN 15).   For the following reasons, the objection is

**OVERRULED**, and the motion is **DENIED**.

## I.     STATEMENT OF CLAIMS

In December 2015, a Green Circuit Court jury found Petitioner J.E. Taylor ("Taylor")

guilty of four counts of incest and recommended a sentence of five years on each count, to be

served concurrently.  *See Taylor v. Commonwealth*, No. 2017-CA-000340-MR & 2017-CA-

001555-MR, 2018 WL 3090027, at *1 (Ky. App. June 22, 2018).  On March 9, 2016, the Green

Circuit Court imposed Taylor's sentence and directed the first three counts to be served

concurrently and the fourth count to run consecutively to the other counts, for a total term of

imprisonment of ten years.  *See id.*

In a hearing subsequently held by the Green Circuit Court on May 4, 2016, Taylor's

counsel represented to the court that Taylor had abandoned his right of appeal in exchange for the

Commonwealth's agreement to dismiss other numerous charges against Taylor.  *See id.*  The

agreement was memorialized in an agreed order, which Taylor signed.  *See id.*  As the Kentucky

Court of Appeals noted in upholding the denial of Taylor's motion collaterally attacking his conviction:

> [During the hearing,] Taylor was then placed under oath and was questioned by the court. Taylor affirmed that he had signed the agreed order and that the remaining charges were to be dismissed with a stipulation of probable cause. Additionally, he acknowledged that there was some basis to bring the charges, that he had entered into the agreement freely and voluntarily with the advice of his attorney, that it was his desire to do so, and that he had had all the time he needed to think about his decision.

*Id.*

On January 17, 2017, Taylor filed a *pro se* motion pursuant to Kentucky Rule of Criminal Procedure 11.42 ("RCr 11.42") in Green Circuit Court collaterally attacking his conviction based on ineffective assistance of counsel, which was denied. *See id.* On July 24, 2017, Taylor moved to modify and restore the jury's recommended sentence, which was also denied, and Taylor filed a notice of appeal on September 7, 2017. *See id.* at *2.

On June 22, 2018, the Kentucky Court of Appeals affirmed the denial of Taylor's RCr 11.42 motion, and on November 1, 2018, the Kentucky Court of Appeals denied Taylor's motion for reconsideration. *See id.* at *1, *4. Taylor did not move for discretionary review by the Kentucky Supreme Court.

On December 20, 2018, Taylor filed a *pro se* Petition for Writ of Habeas Corpus in this Court. (Pet., DN 1). On July 5, 2019, Taylor moved for leave to amend the Petition to assert Claim Three relating to how his sentence was imposed by the Green Circuit Court. (Pet'r's Mot. Leave Am. Pet. 1-3, DN 15). In the R&R, the Magistrate Judge recommended the denial of Taylor's motion because Claim Three is time barred and does not relate back to the Petition, and Taylor has objected to the R&R. (R&R 4-10; Pet'r's Obj., DN 21).

## II.    <u>JURISDICTION</u>

This Court has jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. § 2254.

## III.    <u>STANDARD OF REVIEW</u>

In general, this Court conducts a *de novo* review of the portions of a United States magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). In conducting its review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations [of] . . . the magistrate judge." *Id.*

## IV.    <u>DISCUSSION</u>

Taylor contends that the proposed amendment was inadvertently omitted from the Petition, and out of equity and leniency, this Court should permit him to amend the Petition to assert Claim Three. (Pet'r's Obj. 2-3). This argument, however, ignores the futility of Claim Three.

As the Sixth Circuit has instructed:

> Under Rule 15(a), leave to amend a pleading shall be freely given when justice so requires. This court has explained the factors that a district court should consider when deciding whether to grant leave to amend. Several elements may be considered in determining whether to permit an amendment. Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision.

*Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). As a general rule, courts should permit amendments to allow the consideration of claims on the merits. *See Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted).

In the R&R, the Magistrate Judge considered the futility of the proposed amendment. (R&R 5-7). Applying the one-year statute of limitations applicable to claims under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214

(1996), the Magistrate Judge concluded that Claim Three is time barred based upon the procedural history of this case because it was filed 130 days after the expiration of the statute of limitations. (R&R 7). Because Claim Three is time barred, the proposed amendment is futile, and Fed. R. Civ. 15(a)(2) does not permit the amendment of Taylor's Petition.

The Magistrate Judge also considered whether the relation-back doctrine set forth in Fed. R. Civ. P. 15 would permit the timely filing of Claim Three. (R&R 7-10). In relevant part, Fed. R. Civ. P. 15 provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B).

While Taylor disagrees with the Magistrate Judge's conclusion that Claim Three does not relate back, the Magistrate Judge did not err in concluding that Claim Three is based on entirely different operative facts that do not relate back to the original Petition. (R&R 9). While Claim One relates to alleged ineffective assistance of counsel and Claim Two relates to a denial of Taylor's right to a direct appeal, Claim Three instead involves the separate and distinct facts relating to the imposition of Taylor's sentence. (R&R 8-9). As the Magistrate Judge correctly noted, the contents of the Petition did not put Respondent on notice of Claim Three, and as a result, Claim Three does not relate back to the Petition under Fed. R. Civ. P. 15(c)(1)(B).

While Petitioner relies upon the Supreme Court's decision in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), to support his arguments, that case is inapposite. In *Hazel-Atlas Glass*, the Court considered an appeal in which a judgment was allegedly procured by fraud and granted equitable relief from the fraudulent judgment. *See id*. at 248-51. There is neither

an allegation of fraud attendant to Taylor's claim in this matter, nor has he established grounds for equitable relief from such fraud.

For these reasons, this Court will overrule the Taylor's objection and adopt the Magistrate Judge's R&R.  The Court will deny Taylor's motion.

## V. <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.  Petitioner's Objection (DN 21) is **OVERRULED**.

2.  The Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 18) is **ADOPTED**, and Petitioner's Motion to Amend Petition (DN 15) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

October 8, 2019

cc:     counsel of record
        J.E. Taylor, *pro se*