UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00182-GNS-HBB

J.E. TAYLOR                                                                                              PETITIONER

V.

ANNA VALENTINE, JAILER                                                                      RESPONDENT

**FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION**

Petitioner J. E. Taylor filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1). In compliance with the Court's order (DN 4)[1], Respondent Anna Valentine filed a response to Taylor's petition (DN 12). Taylor has filed a reply (DN 24). For the reasons set forth below, the undersigned recommends that Taylor's petition be **DENIED**.

FINDINGS OF FACT

In December 2015, a Green County grand jury indicted Taylor on 468 counts of incest, 468 counts of first-degree sodomy, one count of first-degree rape, and 468 counts of first-degree sexual abuse. Taylor v. Commonwealth, No. 2017-CA-000340-MR, No. 2017-CA-001555-MR, 2018 WL 3090027, at *1 (Ky. App. June 22, 2018), *reh'g denied* (Ky. App. Nov. 1, 2018). Represented by retained counsel, Taylor was tried on a reduced number of counts in December 2015.[2] Id. The jury found Taylor guilty of four counts of incest and recommended a sentence

---

[1] The District Judge directed Respondent Anna Valentine to file an answer to the petition (DN 6). The District Judge also referred this matter to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(A) and (B) for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter (DN 6).
[2] Taylor was represented by attorneys Joe Stewart and Theodore Lavit.

of five years on each count to be served concurrently for a total sentence of five years.  Id.  On March 9, 2016, the trial judge entered a judgment and sentence directing Taylor's sentences on counts one through three to run concurrently but consecutively to the sentence on count four resulting in a total sentence of 10 years.  Id.

On May 4, 2016, the trial judge conducted a hearing to address some remaining issues in the case.  Id.  Taylor's counsel explained that Taylor had abandoned his right to appeal in return for the Commonwealth's agreement to dismiss numerous remaining charges in all the other cases, including those sent to Adair County.  Id.  The parties executed an agreed order memorializing the terms of the above-mentioned agreement.  Id.  Taylor was then placed under oath and questioned by the trial judge.  Id.  During that examination, Taylor affirmed that he had signed the agreed order and that the remaining charges would be dismissed with a stipulation of probable cause.  Id.  Additionally, Taylor acknowledged there was some basis to bring those charges, he had entered into the agreement freely and voluntarily with the advice of his counsel, it was his desire to do so, and he had all the time he needed to think about this decision.  Id.

On January 17, 2017, Taylor, proceeding *pro se*, filed a motion pursuant to Ky. R. Crim. P. 11.42 asserting several claims of ineffective assistance of trial counsel (IATC).  Id.  The trial court's order entered February 3, 2017, denied Taylor's Rule 11.42 motion.  Id.  On February 22, 2017, Taylor, proceeding *pro se*, filed a notice of appeal.  Id.  That appeal is No. 2017-CA-000340.  Id.

On July 24, 2017, Taylor, proceeding *pro se*, "filed a motion for modification and restoration of the original sentence recommended by the jury."  Id. at *2.  On August 4, 2017,

the trial court denied Taylor's motion. Id. On September 7, 2017, Taylor, proceeding pro se, filed a notice of appeal. Id. at *3. That appeal is No. 2017-CA-001555. Id.

On March 7, 2018, the Court of Appeals of Kentucky granted the Commonwealth's motion to consolidate both appeals. Id. On June 22, 2018, the Court of Appeals of Kentucky issued an opinion affirming both orders of the trial court. Id. at *3-4. Taylor, proceeding *pro se*, filed a motion for reconsideration (DN 12-2 PageID # 179-87). On November 1, 2018, the Court of Appeals of Kentucky denied Taylor's motion for rehearing (Id. PageID # 203). Taylor did not file a motion for discretionary review by the Supreme Court of Kentucky.

On December 20, 2018, Taylor, proceeding *pro se*, filed his habeas petition before the Court (DN 1). The petition presents two grounds for relief (Id. PageID # 5-7). Ground One raises a five-part IATC claim that challenges counsel's conduct prior to trial, during trial, and following sentencing (Id. PageID # 5). Ground Two merely rehashes the fifth part of the IATC claim in Ground One (Id. PageID # 7).

CONCLUSIONS OF LAW

Standard of Review

Because Taylor filed his petition for writ of habeas corpus on December 20, 2018, review of the State court decisions is governed by Chapter 153 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (1996) ("AEDPA") (DN 1, 3). Lindh v. Murphy, 521 U.S. 320, 336 (1997). Under AEDPA, as to each claim asserted by Taylor, the Court must first determine whether a federal Constitutional right has been violated. Williams v. Taylor, 529 U.S. 362, 367 (2000). If the answer is in the affirmative and the State court adjudicated the federal Constitutional claim on its merits, then this Court must employ the standard

3

of review set forth in 28 U.S.C. § 2254(d) to determine whether to grant the petition. Williams, 529 U.S. at 367, 402-403, 412-413. As amended, by Chapter 153 of AEDPA, § 2254(d) provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding."

The phrase "contrary to" means "'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" Williams, 529 U.S. at 405 (citing Webster's Third New International Dictionary 495 (1976)). Thus, under the "contrary to" clause of § 2254(d)(1), the Court may grant the writ if (a) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; **or** (b) the state court decides a case differently than the Supreme Court "has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-413.

Under the "unreasonable application" clause of § 2254(d)(1), the Court may grant the writ if the state court identifies the correct governing legal rule from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Id. at 407-408, 413. When the Court makes the "unreasonable application" inquiry it "should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. Thus,

the state court's application of clearly established federal law must be more than simply erroneous or incorrect, it must be objectively unreasonable.  Id. at 409-411; Macias v. Makowski, 291 F.3d 447, 451 (6th Cir. 2002).

Ground One

1. Arguments of the Parties

Ground One sets forth a five-part IATC claim and an assertion that Taylor was "denied a fair opportunity to have his claims determined on the merits by the trial court" in violation of his Sixth and Fourteenth Amendment rights (DN 1 PageID # 5).  Parts one through four of the IATC claim allege that trial counsel: (1) "did not investigate the alleged crime scene area of home," (2) "did not properly cross-examine the state witnesses," (3) "did not defend petitioner where the state allowed evidence from civil action into trial by allowing witness testimony of [J.M.] after that case resulted in Hung Jury and dismissal of case," and (4) "did not bring out conspiracy of grandchildren to defraud petitioner out of money and reason for charges was motive of petitioner cutting off funds to granddaughters" (Id.).  These allegations regarding trial counsel's conduct and the challenge to the trial court's decision not to conduct an evidentiary hearing will be dealt with in this section.

Part-five of the IATC claim in Ground One accuses trial counsel of coercing Taylor into not pursuing a direct appeal (DN 1 PageID # 5).  Taylor claims he insisted on an appeal, but trial counsel pressured him directly and through his family into foregoing an appeal by warning that Taylor would get a sentence of life or several hundred years if he pursued an appeal (Id. Page ID # 5, 7).  Ground Two merely rehashes this IATC claim (*compare* DN 1 PageID # 5 with PageID # 7).  This challenge to trial counsel's conduct will be dealt with in the next section.

Valentine contends that federal review is not available for the first, second, and fourth parts of the IATC claim in Ground One because Taylor failed to adequately present them to the trial court, effectively denying the trial court the opportunity to adjudicate these parts of his IATC claim (DN 12 PageID # 114-17, 118-19). Valentine contends federal review is not available for the third part of Taylor's IATC claim because he did not present it to the trial court (Id. PageID # 117-18). Valentine asserts that Taylor has not demonstrated cause for each procedural default and prejudice resulting therefrom, or that failing to review each part will result in a fundamental miscarriage of justice (Id.). Alternatively, Valentine argues all four parts of Taylor's IATC claim lack merit and the opinion of the Court of Appeals of Kentucky denying them was not an unreasonable application of the clearly established precedent in Strickland v. Washington, 466 U.S. 669, 687-94 (1984) (Id. PageID # 119-27).

In reply, Taylor relies on the Supreme Court's holdings in Martinez v. Ryan, 132 S.Ct. 1309, 1320 (2012) and Trevino v. Thaler 133 S.Ct. 1911 (2013) as well as the Sixth Circuit's holding in Woolbright v. Crews, 791 F.3d 628, 636 (6th Cir. 2015), to argue the four parts of his IATC claim in Ground One are not procedurally defaulted because he was denied a fair and meaningful opportunity to factually develop them when the state trial court refused to appoint counsel and conduct an evidentiary hearing (DN 24 PageID # 403-05).

    2. Discussion

A state prisoner must first "fairly present" his constitutional claim to the state courts, to provide them an opportunity to remedy the alleged constitutional infirmity, before federal habeas corpus review is available. Castille v. Peoples, 489 U.S. 346, 349-51 (1989). If a state prisoner did not "fairly present" his federal constitutional claim to the state courts and is now procedurally

barred from doing so, federal review of the claim is barred absent a showing of cause and prejudice. Reed v. Farley, 512 U.S. 339, 353-355 (1994); Teague v. Lane, 489 U.S. 288, 297-299 (1989); Murray v. Carrier, 477 U.S. 478, 495-496 (1986).

In pertinent part, the IATC claim in Taylor's Rule 11.42 motion has three parts and reads: (1) "[c]ounsel failed to investigate the case and only based the defense on the Commonwealth's case and evidence without conducting an independent investigation, and gathering of evidence"; (2) "[c]ounsel failed to confront the accusers in this case and failed to provide a direct examination of all the Commonwealth witnesses"; and (3) "[c]ounsel failed to bring defense where victims and family members brought charges and allegations in an attempt to get movant out of the picture to obtain his property and land" (DN 12-2 PageID # 158).[3] Taylor moved the trial court for appointment of counsel and to conduct an evidentiary hearing (Id. PageID # 158-59, 162-65, 166).

During a hearing on February 1, 2017, the trial court denied Taylor's motions for appointment of counsel and evidentiary hearing. Taylor, 2018 WL 3090027, at *2. The trial court also allowed Taylor to speak to his Rule 11.42 motion in general. Id. In a written order entered February 3, 2017, the trial court explained that Taylor did not qualify for appointment of counsel because he was far from indigent due to his substantial assets[4] (DN 12-2 PageID # 168). The trial court also discussed the two-pronged test in Strickland v. Washington, 466 U.S. 668, 687 (1984) to be used when assessing claims of ineffective assistance of counsel and the standard under Kentucky law for determining whether an evidentiary hearing is required (Id. PageID # 169-70).

---

[3] Taylor's Rule 11.42 motion also asserted that he received IATC because "[c]ounsel used Taylor's family members to help coerce Taylor into foregoing his appeal as of right, by influencing the family with false advice" (DN 12-2 PageID # 158). As explained above, this IATC claim will be dealt with in the next section.
[4] The trial court explained that less than two months earlier it presided over the Defendant's divorce action with his ex-wife, Jeanette Ruth Taylor (DN 12-2 PageID # 168). The trial court pointed out that Defendant had been awarded a one-half interest in 218 acres of land and would receive the first $118,006.78 from the sale of marital assets (Id.).

In pertinent part, the trial court's ruling reads:

> The Court has reviewed the Defendant's motion and did of course preside over the Defendant's trial. This Court has never seen better cross-examination then was employed by Defendant's counsel. Furthermore, defense counsel called numerous witnesses on behalf of the Defendant and adequately investigated this action.
>
> . . .
>
> Accordingly, the grounds in the Defendant's motion to set aside his conviction for failure to have adequate representation pursuant to Criminal Rule 11.42 is completely without merit. Defendant's counsel acted according to the prevailing norms based on an objective standard of reasonableness pursuant to *Strickland v. Washington*. After a comprehensive review, this Court finds the record conclusively demonstrates the claims of the Defendant do not warrant an evidentiary hearing. Therefore, the Defendant's motion to set aside his conviction is DENIED.

(Id. PageID # 169-71). In sum, the trial court's ruling explains why it denied Taylor's motion for an evidentiary hearing and why the record conclusively demonstrates each part of Taylor's IATC claim failed to satisfy the performance prong of the two-part test in Strickland.

Taylor's *pro se* collateral attack brief to the Court of Appeals of Kentucky did not appeal the trial court's ruling on his IATC claim (DN 12-2 PageID # 178-85). Taylor only appealed the trial court's decision not to conduct an evidentiary proceeding (Id.). Specifically, he contended "[t]he trial court denied Appellant a fair opportunity to have his [i]neffective [a]ssistance of [c]ounsel claims determined with evidentiary proceedings being held [i]n violation of Fraser v[.] Commonwealth and Strickland v. Washington" (Id. PageID # 178) (underline in original). In pertinent part, the appellate court's opinion reads:

> RCr 11.42(2) provides in relevant part that "[t]he motion . . . Shall state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds. Failure to comply with this section shall warrant a

8

> summary dismissal of the motion." The claims of ineffective assistance of counsel in Taylor's motion are conclusory and vague. "Conclusory allegations which are not supported with specific facts do not justify an evidentiary hearing because RCr 11.42 does not require a hearing to serve the function of discovery." *Hodge v. Commonwealth*, 116 S.W.3d 463, 468 (Ky. 2003), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009). "Vague allegations, including those of failure to investigate, do not warrant an evidentiary hearing and warrant summary dismissal of the RCr 11.42 motion." *Mills v. Commonwealth*, 170 S.W.3d 310, 330 (Ky. 2005), *overruled on other grounds by Leonard v. Commonwealth*, *id.* Accordingly, the trial court did not err in denying Taylor's motion without conducting an evidentiary hearing.

Taylor, 2018 WL 309-0027, at *3.

Here, Ground One of Taylor's petition asserts a four-part IATC claim that reads: (1) "<u>counsel</u> did not investigate the alleged crime scene area of home," (2) "<u>counsel</u> did not properly cross-examine the state witnesses," (3) "counsel did not defend petitioner where the state allowed evidence from civil action into trial by allowing witness testimony of [J.M.] after that case resulted in Hung Jury and dismissal of case," and (4) "<u>counsel</u> did not bring out conspiracy of grandchildren to defraud petitioner out of money and reason for charges was motive of petitioner cutting off funds to granddaughters" (DN 1 PageID # 5) (underlining in original). Additionally, Ground One takes issue with the state trial court's decision not to conduct an evidentiary hearing (<u>Id.</u>).

Giving Taylor the benefit of the doubt due to his *pro se* status before the state courts and here, he sought an evidentiary hearing and, arguably, he fairly presented to the trial court the first, second, and fourth parts of the IATC claim in Ground One of his petition. But he did not fairly present to the trial court the third part of the IATC claim in Ground One of his petition and he is now procedurally barred from raising it before the state courts. *See* Ky. R. Crim. P. 11.42(3); Gross v. Commonwealth, 648 S.W.2d 853, 857 (Ky. 1983). Therefore, federal review of the

third-part of the IATC claim in Ground One is barred absent Taylor making a showing of cause and prejudice.  Reed v. Farley, 512 U.S. 339, 353-355 (1994); Teague v. Lane, 489 U.S. 288, 297-299 (1989); Murray v. Carrier, 477 U.S. 478, 495-496 (1986).

Taylor's collateral attack brief to the Kentucky Court of Appeals only appealed the trial court's decision not to conduct an evidentiary proceeding.  He did not fairly present any part of the IATC claim in Ground One of his petition and he is now procedurally barred from attempting to do so.  *See* Gross, 648 S.W.2d at 857.  Therefore, federal review of the four-part IATC claim in Ground One is barred absent Taylor making a showing of cause and prejudice.  Reed v. Farley, 512 U.S. 339, 353-355 (1994); Teague v. Lane, 489 U.S. 288, 297-299 (1989); Murray v. Carrier, 477 U.S. 478, 495-496 (1986).

Taylor's collateral attack brief to the Kentucky Court of Appeals did fairly present his challenge to the trial court's decision not to conduct an evidentiary hearing.  But Taylor cannot use his habeas petition to challenge an error or deficiency in the state post-conviction proceedings because such a claim is collateral to whether he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Kirby v. Dutton, 794 F.2d 245, 246-248 (6th Cir. 1986).  Moreover, the trial court's decision and the opinion of the Court of Appeals of Kentucky are state-court decisions on a question of state law.  This Court does not function as an additional state appellate court reviewing state-court decisions on state law or procedure.  *See* Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus"); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003) (citing Allen v. Morris, 845

10

F.2d 610, 614 (6th Cir. 1988)). Thus, federal review is not available for Taylor's challenge to the trial court's decision not to conduct an evidentiary hearing.

The undersigned will now address whether Taylor has made a showing of cause and prejudice to excuse each procedural default before the state courts. Taylor relies on Martinez v. Ryan, 566 U.S. 1 (2012), Trevino v. Thaler, 569 U.S. 413 (2013), and Woolbright v. Crews, 791 F. 3d 628, 636 (6th Cir. 2015) to argue the state trial court's failure to appoint counsel to represent him in the Rule 11.42 proceeding serves as "cause" for default of all four-parts of his IATC claim (DN 24 PageID # 403-05).

"[C]ause under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him . . ." Coleman v. Thompson, 501 U.S. 722, 753 (1991). For example, interference by State officials that made compliance impracticable will establish "cause" for the procedural default. Amadeo v. Zant, 486 U.S. 214, 222 (1988); Carrier, 477 U.S. at 488 (citing Brown v. Allen, 344 U.S. 443, 486 (1953)). Alternatively, "cause" is demonstrated when the procedural default is the result of constitutionally deficient performance by counsel. Coleman, 501 U.S. at 753-54 (the two-part standard established in Strickland v. Washington, 466 U.S. 668 (1984) is used to make that determination).

In Coleman, the Supreme Court made the unqualified pronouncement that ineffective assistance by counsel during State post-conviction proceedings does not establish "cause" for a procedural default because there is no constitutional right to an attorney in such proceedings. 501 U.S. at 752-754 (citing Pennsylvania v. Finley, 481 U.S. 551 (1987)). More recently, the Supreme Court recognized a narrow equitable exception to the rule in Coleman that applies where the State's procedural rules specify that the initial-review collateral proceeding is the first

designated proceeding for a prisoner to raise an IATC claim. Martinez v. Ryan, 566 U.S. 1, 10-16 (2012). Specifically, the Supreme Court explained this narrow equitable exception as follows:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Id. at 17. Thus, this equitable exception to the rule in Coleman applies only if the following requirements are satisfied: (1) state law requires the prisoner to raise his IATC claim in an initial-review collateral proceeding; (2) the IATC claim "is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit"; and (3) the "cause" for default of the IATC claim arises out of the absence of appointed counsel or the ineffectiveness[5] of appointed counsel in the initial-review collateral proceeding. Id. at 14, 17. Notably, the Supreme Court explicitly indicated this holding "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." Id. at 16.

The Supreme Court subsequently extended the Martinez exception to states where the procedural law does not on its face require that claims of ineffective assistance of trial counsel be raised in an initial-review state collateral proceeding but, by reason of its procedural design and systemic operation, the state's procedural framework makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal. Trevino v. Thaler, 569 U.S. 413, 417, 428, 429 (2013).

---

5 Ineffective under the two-part test in Strickland v. Washington, 466 U.S. 668, 687-94 (1984).

The Sixth Circuit has held the *Martinez/Trevino* exception applies to Kentucky's initial-review collateral proceedings under Rule 11.42. Woolbright v. Crews, 791 F. 3d 628, 636 (6th Cir. 2015). But it also held that the *Martinez/Trevino* exception does not apply to appeals from those initial review collateral proceedings under 11.42. Id. This means the *Martinez/Trevino* exception might be used to establish "cause" for Taylor's failure to present to the state trial court the third-part of the IATC claim in Ground One.[6] But, more importantly, it means that Taylor cannot use the *Martinez/Trevino* exception to establish "cause" for his failure to present to the Court of Appeals of Kentucky all four-parts of the IATC claim in Ground One. In sum, federal review of the four-part IATC claim in Ground One is barred because Taylor has not made a showing of "cause." Reed, 512 U.S. at 353-355; Teague, 489 U.S. at 297-299; Carrier, 477 U.S. at 495-496.

In Slack v. McDaniel, the Supreme Court established a two-pronged test that is used to determine whether a Certificate of Appealability should issue on a habeas claim denied on procedural grounds. 529 U.S. 473, 484-485 (2000). To satisfy the first prong of the Slack test, a petitioner must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Id. at 484. To satisfy the second prong, a petitioner must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Notably, the Court need not conduct the two-pronged inquiry in the order identified or even address both parts if a petitioner makes an insufficient

---

6 The undersigned questions whether the *Martinez/Trevino* exception would even apply to Taylor at the initial review stage because the state trial court determined he had the financial ability to retain counsel. However, the undersigned need not address this issue as the *Martinez/Trevino* exception cannot be used to establish "cause" to excuse Taylor's failure to raise all four-parts of the IATC claim in his collateral attack brief to the Court of Appeals of Kentucky. See Woolbright v. Crews, 791 F.3d 628, 636 (6th Cir. 2015).

showing on one part. Id. at 485. For example, if the Court determines a petitioner failed to satisfy the procedural prong then it need not determine whether the constitutional prong is satisfied. Id.

For the reasons set forth above, jurists of reason would agree that federal review of all four-parts of the IATC claim in Ground One is barred because Taylor procedurally defaulted them in the state courts, and he has failed to show cause and prejudice. Therefore, the undersigned does not recommend the issuance of a Certificate of Appealability as to Ground One in the petition.

### Part Five of Ground One and Ground Two

1. Arguments of the Parties

Part-five of the IATC claim in Ground One accuses trial counsel of coercing Taylor into not pursuing a direct appeal (DN 1 PageID # 5). Taylor claims he insisted on an appeal, but trial counsel pressured him directly and through his family into foregoing an appeal by warning that Taylor would get a sentence of life or several hundred years if he pursued an appeal (Id. PageID # 5, 7). Ground Two merely rehashes this IATC claim (*compare* DN 1 PageID # 5 with PageID # 7).

Valentine argues that the state court record rebuts Taylor's coercion claim (DN 12 PageID # 130-37). It shows Taylor knowingly and voluntarily waived his right to direct appeal after being informed of the potential consequences of prosecuting the appeal and proceeding to trial on the remaining charges (DN 12 PageID # 130-37). Valentine also contends that Taylor's IATC claim fails under Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000) because he has not demonstrated an interest in appealing or that he gave counsel express instructions regarding an appeal (Id.).

In his reply, Taylor asserts that Flores-Ortega holds when an attorney's deficient performance costs a defendant an appeal that he otherwise would have pursued, prejudice to the defendant is presumed and no further showing is necessary (DN 24 PageID # 405-07 citing 528 U.S. at 484). Taylor contends there is no record that refutes his claim that he insisted on appealing his conviction, but trial counsel coerced him, via his family, to waive his right to appeal (DN 24 PageID # 405). Taylor argues, under the holding in Flores-Ortega prejudice must be presumed here regardless of whether he waived his right to appeal, because trial counsel was still required to file a notice of appeal (Id. PageID # 406 citing 528 U.S. at 477).

2. Discussion

Taylor's Rule 11.42 motion did not allege that trial counsel failed to file an appeal despite Taylor's insistence to do so (DN 12-2 PageID # 158). Rather, the motion accused trial counsel of coercing him into foregoing an appeal by providing false advice to Taylor and his family (Id.). Further, the heading to the second argument in Taylor's collateral attack brief to the Court of Appeals of Kentucky contends that "[he] was denied a [f]irst [a]ppeal of [r]ight when [t]rial [c]ounsel [a]dvised him to forego his [a]ppeal or [b]e subject to a harsher penalty by the [j]udge and" (Id. PageID # 185 (underlining in original)).[7]

His habeas petition is the first time Taylor alleged that he insisted on pursuing an appeal, but trial counsel coerced him into foregoing an appeal (DN 1 PageID # 7). His reply memorandum is the first time Taylor made the Flores-Ortega argument (DN 24 PageID # 405-07).

---

7  The Court of Appeals of Kentucky noted that the argument that follows in the brief did not conform to the heading because it appeared to be taken from another case involving a different issue. Taylor v. Commonwealth, No. 2017-CA-000340-MR, No. 2017-CA-001555-MR, 2018 WL 3090027, at *3 (Ky. App. June 22, 2018). It observed that "at page 13 of his brief, Taylor states that '[i]n the present case, **Blankenship** requested that his case be appealed . . .'" Id. (emphasis added by appellate court). After reviewing the heading and argument in the brief (DN 12-2 PageID # 185-88), the undersigned agrees with the state appellate court's factual determination.

This means Taylor did not fairly present to the state courts his claim that counsel failed to file an appeal despite his insistence to do so and, therefore, he is entitled to relief under the clearly established Supreme Court precedent in Flores-Ortega. But Taylor is procedurally barred from attempting to fairly present this new claim to the state courts. *See* Ky. R. Crim. P. 11.42(3); Gross, 648 S.W.2d at 857. Because Taylor has made no effort to show cause and prejudice, federal review of this claim is barred. Reed, 512 U.S. at 353-355; Teague, 489 U.S. at 297-299; Carrier, 477 U.S. at 495-496.

The undersigned observes that if federal review was available for Taylor's Flores-Ortega argument, he would not be entitled to relief under § 2254. The question whether Taylor has made the requisite showing that trial counsel failed to file a requested appeal will turn on the facts of the case. *See* Flores-Ortega, 528 U.S. at 485 (citing Strickland, 466 U.S. 668, 695-96 (1984)). Taylor has simply made a very general assertion that he insisted on pursuing an appeal. This is insufficient to rebut the presumption of correctness that § 2254(e)(1) affords to the trial court's factual determination that he knowingly and voluntarily abandoned his right to appeal in return for the Commonwealth's agreement to dismiss the numerous remaining charges in all the other cases, including those in Adair County.

The undersigned will now address the IATC claim that Taylor fairly presented to the state courts. When the Court conducts a review under either clause of 28 U.S.C. § 2254(d)(1), it must look only to the clearly established precedent of the United States Supreme Court. Lockyear v. Andrade, 538 U.S. 63, 70-71 (2003). Here, the clearly established precedent is set forth in Strickland v. Washington, 466 U.S. 668 (1984) and its progeny. To establish ineffective assistance of counsel, a defendant must show deficient performance and resulting prejudice.

Knowles v. Mirzayance, 556 U.S. 111, 122 (2009); Strickland, 466 U.S. at 687.  The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688.  Notably, the Court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  Id. at 690.  The prejudice inquiry requires the defendant "to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.

    Taylor's Rule 11.42 motion included an IATC claim that counsel coerced him into foregoing his direct appeal (DN 12-2 PageID # 157-58).  The trial court's written order acknowledged Taylor's IATC claim that counsel forced him to waive his appeal under duress (Id. PageID # 168-69).  In pertinent part the trial court's ruling reads:

> Contrary to the Defendant's argument, he was not forced to withdraw his appeal.  This Court extensively went over the Defendant's options in open court and the Defendant made a knowing and voluntary waiver of his right to appeal.  The Court notes that in return for the Defendant waving his right to appeal, the Commonwealth agreed to dismiss all other charges against him, and further agreed not to seek a potential indictment for allegations which would have occurred in Adair County, Kentucky.

(DN 12-2 PageID # 169-71).  Essentially, the trial court found that Taylor failed to satisfy the performance prong of the two-part test in Strickland.

    The collateral attack brief that Taylor filed with the Court of Appeals of Kentucky essentially reiterated the IATC claim raised before the trial court (DN 12-2 PageID # 185-88).  The relevant part of the appellate court opinion reads:

> On May 4, 2016, the trial court conducted a hearing to address some remaining issues in the case. His counsel explained that Taylor had abandoned his right to appeal in return for the Commonwealth's agreement to dismiss the numerous remaining charges in all the other cases—including those sent to Adair County. The parties executed an agreed order. Taylor was then placed under oath and was questioned by the court. Taylor affirmed that he had signed the agreed order and that the remaining charges were to be dismissed with a stipulation of probable cause. Additionally, he acknowledged that there was some basis to bring the charges, that he had entered into the agreement freely and voluntarily with the advice of his attorney, that it was his desire to do so, and that he had had all the time he needed to think about his decision.
>
> . . .
>
> For his second argument, Taylor contends that he was denied the right to appeal because trial counsel had advised him to forego an appeal or be subject to a "harsher penalty" by the judge. He articulates this claim in his heading. . .
>
> In the case before us, the court determined that Taylor made a knowing and voluntary waiver of his right to appeal "in return for [which] ... the Commonwealth agreed to dismiss all other charges against him, and further agreed to not seek a potential indictment for allegations which would have occurred in Adair County, Kentucky." We are satisfied from our review of the record that the evidence supports the trial court's determination.

Taylor, 2018 WL 3090027, at *1, 3-4. Essentially, the Court of Appeals of Kentucky concluded that Taylor failed to satisfy the performance prong of the two-part test in Strickland.

Taylor's claim challenges the factual determinations of the state trial court. In addressing Taylor's claim, the Court must presume that the state court's factual findings are sound unless Taylor rebuts the "presumption of correctness by clear and convincing evidence." Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)). But, Taylor relies on nothing more than his bare assertions about coercion. This is not sufficient to overcome his own sworn testimony that the trial court relied on when it made the factual determination that he knowingly

and voluntarily abandoned his right to appeal in return for the Commonwealth's agreement to dismiss the numerous remaining charges in all the other cases, including those in Adair County. In sum, Taylor has not demonstrated that state court adjudication of his IATC claim resulted in decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  28 U.S.C. § 2254(d)(1).  Therefore, he is not entitled to relief on this claim.

Returning to Taylor's Flores-Ortega argument, jurists of reason would not find it debatable whether federal review is not available on this claim because he failed to fairly present it to the state trial courts and has not shown cause and prejudice.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Therefore, the undersigned does not recommend issuance of a Certificate of Appealability for this claim.

Returning to Taylor's coercion argument, jurists of reason would not find it debatable whether he has stated a valid claim of the denial of a constitutional right.  Id.  Therefore, the undersigned does not recommend issuance of a Certificate of Appealability for this claim.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Taylor's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1) be **DENIED**.  Additionally, the undersigned does not recommend issuance of a Certificate of Appealability for any claim set forth in Taylor's petition or reply memorandum.

December 2, 2019

*[signature: H. Brent Brennenstuhl]*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

NOTICE

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b)(1), the undersigned magistrate judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(2). If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).

December 2, 2019

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:   J.E. Taylor, *pro se*
          Counsel of Record