UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00182-GNS-HBB

J.E. TAYLOR                                                                                      PETITIONER

v.

ANNA VALENTINE, Jailer                                                                RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner's Objection (DN 28) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("R&R") (DN 28) in which the Magistrate Judge recommends the dismissal of the Petition for Habeas Relief. For the following reasons, the Objection is **OVERRULED**, the R&R is **ADOPTED**, and the Petition is **DENIED**.

### I.      STATEMENT OF CLAIMS

In December 2015, a Green Circuit Court grand jury indicted Petitioner J.E. Taylor ("Taylor") for 468 counts of incest, 468 counts of first-degree sodomy, one count of first-degree rape, and 468 counts of first-degree sexual abuse. *See Taylor v. Commonwealth*, No. 2017-CA-000340-MR & 2017-CA-001555-MR, 2018 WL 3090027, at *1 (Ky. App. June 22, 2018). At the subsequent trial, Taylor was tried on a reduced number of counts, and the jury found him guilty of four counts of incest. *See id.* The jury recommended a sentence of five years on each count to be served concurrently. *See id.* On March 9, 2016, the Green Circuit Court imposed Taylor's

sentence and directed the first three counts to be served concurrently and the fourth count to run consecutively to the other counts, for a total term of imprisonment of ten years. *See id*.

In a hearing held by the Green Circuit Court on May 4, 2016, Taylor's counsel represented to the court that Taylor had abandoned his right of appeal in exchange for the Commonwealth's agreement to dismiss the other numerous charges against Taylor. *See id.* The agreement was memorialized in an agreed order, which Taylor signed. *See id.* As the Kentucky Court of Appeals noted in upholding the denial of Taylor's motion collaterally attacking his conviction:

> [During the hearing,] Taylor was then placed under oath and was questioned by the court. Taylor affirmed that he had signed the agreed order and that the remaining charges were to be dismissed with a stipulation of probable cause. Additionally, he acknowledged that there was some basis to bring the charges, that he had entered into the agreement freely and voluntarily with the advice of his attorney, that it was his desire to do so, and that he had had all the time he needed to think about his decision.

*Id.*

On January 17, 2017, Taylor moved pursuant to Kentucky Rule of Criminal Procedure 11.42 ("RCr 11.42") to collaterally attack his conviction based on ineffective assistance of counsel, which was denied by the Green Circuit Court. *See id.* On July 24, 2017, Taylor moved to modify and restore the jury's recommended sentence, which was also denied, and Taylor filed a notice of appeal on September 7, 2017. *See id.* at \*2. On June 22, 2018, the Kentucky Court of Appeals affirmed the denial of Taylor's RCr 11.42 motion, and on November 1, 2018, the Kentucky Court of Appeals denied Taylor's motion for reconsideration. *See id.* at \*1, \*4. Taylor did not move for discretionary review by the Kentucky Supreme Court.

On December 20, 2018, Taylor filed a *pro se* Petition for Writ of Habeas Corpus in this Court. (Pet., DN 1). On July 5, 2019, Taylor moved for leave to amend the Petition to assert Claim Three relating to how his sentence was imposed by the Green Circuit Court, which this

Court denied. (Pet'r's Mot. Leave Am. Pet. 1-3, DN 15; Mem. Op. & Order 5, DN 22). In the R&R, the Magistrate Judge characterized the Petition as asserting two grounds for relief: (i) ineffective assistance of trial counsel ("IATC"); and (ii) Taylor's voluntary waiver of his right to appeal. (R&R 3, DN 25). After reviewing those grounds, the Magistrate Judge recommended the denial of both Taylor's Petition and his request for a certificate of appealability. (R&R 19). Taylor has objected to the R&R. (Pet'r's Obj., DN 28).

## II. JURISDICTION

This Court has jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. § 2254.

## III. STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), applies to all habeas corpus petitions filed after April 24, 1996, and requires "heightened respect" for legal and factual determinations made by state courts. *See Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). Section 2254(d), as amended by AEDPA, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

This is a "difficult to meet and highly deferential standard . . . ." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks omitted) (internal citation omitted) (citation

omitted). Legal conclusions made by state courts are also given substantial deference under AEDPA. The Supreme Court has concluded that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Nevada v. Jackson*, 569 U.S. 505, 508-09 (2013) (per curiam) (internal quotation marks omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)).

When reviewing a magistrate judge's report and recommendation regarding a prisoner's petition for a writ of habeas corpus, "[a] judge . . . shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections "wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (internal quotation marks omitted) (citation omitted)).

## IV. DISCUSSION

### A. Petitioner's Objection

In his Objection, Taylor contends that the Magistrate Judge erred in concluding that Ground 1 of his IATC claim was procedurally defaulted and that no exception applied. (Pet'r's Obj. 1-4). He also objects to the recommendation as to Ground 2 relating to Taylor's waiver of his right to appeal his conviction. (Pet'r's Obj. 4-5).

#### 1. *Ground 1*

In the R&R, the Magistrate Judge identified Taylor's IATC claim as having four parts:

(1) "counsel did not investigate the alleged crime scene area of the home," (2) counsel did not properly cross-examine the state witnesses," (3) "counsel did not defend petitioner where the state allowed evidence from the civil action into trial by allowing witness testimony of [J.M.] after that case resulted in Hung Jury and dismissal of case," and (4) "counsel did not bring out conspiracy of grandchildren to defraud petitioner out of money and reason for charges was motive of petitioner cutting off funds to granddaughters."

(R&R 9 (citation omitted)). After analyzing the claims, the Magistrate Judge found that Taylor had failed to fairly present the third part of the claim to the state trial court. The Magistrate Judge further found that even though Taylor arguably presented the first, second, and fourth parts of his IATC claim to the state trial court, he still failed to fairly present the third part of this claim to the Kentucky Court of Appeals. (R&R 9-10). As such, the R&R concluded that Taylor had procedurally defaulted on his IATC claim. (R&R 9-10).

Taylor contends that the Magistrate Judge erred in rejecting his argument that he should have been provided a hearing on the merits of his motion for relief under RCr 11.42. (Pet'r's Obj. 1-2). As the Magistrate Judge correctly noted, the necessity of a hearing—which is premised on state law—was considered by the Kentucky Court of Appeals, and it is not the role of a federal court to "function as an additional state appellate court reviewing state-court decisions on state law or procedure." (R&R 10 (citations omitted)). Therefore, the Court will overrule Taylor's Objection on this basis.

Taylor also argues that the Supreme Court's decisions in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), provide an exception to the procedural default thereby allowing this Court to consider the merits of this claim. (Pet'r's Obj. 2-4). In the R&R, the Magistrate Judge analyzed whether *Martinez/Trevino* applied to Taylor's claim. (R&R 11-14). As the Magistrate Judge correctly noted:

5

> The Sixth Circuit has held the *Martinez/Trevino* exception applies to Kentucky's initial-review collateral proceedings under Rule 11.42. *Woolbright v. Crews*, 791 F.3d 628, 636 (6th Cir. 2015). But it also held that the *Martinez/Trevino* exception does not apply to appeals from those initial review collateral proceedings under 11.42. *Id*. This means the *Martinez/Trevino* exception might be used to establish "cause" for Taylor's failure to present to the state trial court the third-part of the IATC claim in Ground One. But, more importantly, *it means that Taylor cannot use the* Martinez/Trevino *exception to establish "cause" for his failure to present to the Court of Appeals of Kentucky all four-parts of the IATC claim in Ground One*. In sum, federal review of the four-part IATC claim in Ground One is barred because Taylor has not made a showing of "cause."

(R&R 13 (emphasis added) (citations omitted)). Thus, this exception does not apply, and the Court will overrule Taylor's Objection for this reason.

### 2. *Ground 2*

Taylor also contends that the Magistrate Judge erred in finding that Taylor had knowingly waived his right to appeal his conviction. (Pet'r's Obj. 4). In support of his argument, however, Taylor mischaracterizes the findings articulated in the R&R.

As the Magistrate Judge explained:

Taylor's Rule 11.42 motion included an IATC claim that counsel coerced him into foregoing his direct appeal. The trial court's written order acknowledged Taylor's IATC claim that counsel forced him to waive his appeal under duress. In pertinent part the trial court's ruling reads:

> Contrary to the Defendant's argument, he was not forced to withdraw his appeal. This Court extensively went over the Defendant's options in open court and the Defendant made a knowing and voluntary waiver of his right to appeal. The Court notes that in return for the Defendant waving his right to appeal, the Commonwealth agreed to dismiss all other charges against him, and further agreed not to seek a potential indictment for allegations which would have occurred in Adair County, Kentucky.

(R&R 17 (internal citations omitted) (citation omitted)). Thus, while acknowledging that Taylor had alleged that he was pressured in to waiving his right to appeal, both the state trial court and

the Kentucky Court of Appeals found that this allegation was not supported by the record. (R&R 17-19).

In addition, Taylor relies on *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), and *Garza v. Idaho*, 139 S. Ct. 738 (2019), in arguing that his trial counsel was required to file a notice of appeal despite Taylor's waiver of that right as part of the agreed order with the prosecution. (Pet'r's Obj. 5-6). As the Magistrate Judge correctly noted, however, Taylor is procedurally barred from raising this argument because he failed to raise this issue in the state courts. (R&R 15-16). Likewise, the Magistrate Judge noted that the Kentucky Court of Appeals concluded that Taylor had failed to satisfy the performance prong of the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), as to this claim. (R&R 17-18). As result, Taylor is not entitled to federal habeas relief because he has failed to show that the "state court's adjudication of his IATC claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent." (R&R 19 (citing 28 U.S.C. § 2254(d)(1)).

For these reasons, Taylor has not shown that the Magistrate Judge erred in recommending the denial of this basis for habeas relief. Accordingly, the Court will overrule Taylor's Objection.

**B.**     **Certificate of Appealability**

The Magistrate Judge recommended that a certificate of appealability not be issued on Grounds One or Two. (R&R 14, 19). Absent such a certificate, Taylor may not appeal this Court's decision to the Sixth Circuit. *See* 28 U.S.C. § 2253(c)(1)(A). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2).

7

1. *Ground 1*

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court established a two-prong test that is used to determine when a certificate of appealability should be issued when a writ of habeas corpus is denied on procedural grounds. *See id*. at 484-85. To satisfy the test, the petitioner must show that: (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 484.

Here, Taylor's claim is barred because he procedurally defaulted all parts of his IATC claim. Likewise, he has failed to show cause and prejudice. The Court will deny a certificate of appealability as to Ground One.

2. *Ground 2*

As to Taylor's second ground for habeas relief, the Magistrate Judge stated that Taylor's argument based on *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), did not warrant the issuance of a certificate of appealability because Taylor had failed to fairly present the issue to the state courts and had failed to show cause and prejudice. (R&R 19 (citing *Slack*, 529 U.S. at 484)). The Magistrate Judge also concluded that Taylor's coercion claim did not warrant a certificate of appealability because a reasonable jurist would not find it debatable that he had failed to articulate a valid claim for a denial of a constitutional right. Having reviewed these conclusions, this Court agrees, and no certificate of appealability will issue for Ground Two.

V. **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Objection (DN 21) is **OVERRULED**.

2. The Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 25) is **ADOPTED**, and Petitioner's Petition for Habeas Corpus (DN 1) is **DENIED**. The Clerk shall strike this matter from the active docket.

3. The issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

March 31, 2020

cc: counsel of record
J.E. Taylor, *pro se*